IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 1, 2012


**STEVEN RAY KENNEDY v. STATE OF TENNESSEE**


**Appeal from the Criminal Court for Shelby County**
**No. 06-05747     John T. Fowlkes, Jr., Judge**

───────────────

**No. W2012-00560-CCA-R3-PC  - Filed February 5, 2013**

───────────────


Petitioner, Steven Ray Kennedy, appeals from the Shelby County Criminal Court's denial of post-conviction relief from his guilty-pleaded conviction for second degree murder and the resulting twenty-year sentence.  On appeal, he contends that his guilty plea was not knowing and voluntary because of the ineffectiveness of counsel.  Following our review of the record, we affirm the post-conviction court's denial of relief.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**


ROGER A. PAGE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P. J., and NORMA MCGEE OGLE, J., joined.

Patrick Stegall (on appeal) and Melody Oliver (at post-conviction hearing), Memphis, Tennessee, for the appellant, Steven Ray Kennedy.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Amy P. Weirich, District Attorney General; and Alycia Peoples, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**


I.  Facts and Procedural History


A Shelby County grand jury indicted Petitioner for first degree premeditated murder and first degree felony murder, and he entered a guilty plea to the lesser-included offense of second degree murder in exchange for a sentence of twenty years in the Tennessee Department of Correction.  The State offered the following as the factual basis for the plea:

[B]etween July 8th, 2004[,] and August 8th, 2004[,] [Petitioner] and Clara Links were at the Pilot Truck Stop on Highway 78 at the Mississippi border[,] at which point they met a person they now know to be Ms. Nelson. Ms. Nelson and they had some transactions in the past, and when she came into the truck stop one morning, at that point [Petitioner] and Clara Links strangled her. At that point, they took the dead body down to Mississippi and disposed of it there. A few months went by and Tim Helldorfer from the Memphis Police Department and Mickey Baker from the Tennessee Highway Patrol were able to determine, through a stop . . . in Lake County, Illinois, that [Petitioner] and Clara Links were responsible for the murder of Ms. Nelson[,] and it did take place in Memphis, Tennessee[,] at which point the defendants were indicted and brought to this jurisdiction.

Trial counsel responded:

Counsel would stipulate there is a factual basis for the plea and asks the court to accept the negotiated settlement . . . . I conducted my own investigation. Clark Chapman is present in the courtroom. He was my investigator. He and I have had ample opportunity to investigate matters that [arose] through our review of the file, plus information requests that [Petitioner] made. We've had an opportunity, also, to share that with [Petitioner]. We've had conversations with his family as well. I think he has had some contact with his family. We have discussed this settlement, and he is wishing the court to accept it at this time.

Petitioner first requested post-conviction relief on August 10, 2009. The State moved to dismiss the petition, asserting that it did not set forth a factual basis for any of the grounds for relief. The post-conviction court agreed and dismissed the petition. Following an unsuccessful motion for reconsideration in the post-conviction court, Petitioner appealed to this court, and we affirmed the summary dismissal. *Steven Ray Kennedy v. State*, No. W2010-00278-CCA-R3-PC, 2010 WL 4324401 (Tenn. Crim. App. Oct. 28, 2010), *perm. app. granted* (Tenn. Apr. 18, 2011). The supreme court remanded the matter to the post-conviction court for appointment of counsel and further proceedings. *Steven Ray Kennedy v. State*, No. W2010-00278-SC-R11-PC (Tenn. Apr. 18, 2011) (order).

Counsel was appointed and filed an amended petition seeking post-conviction relief based on claims of ineffective assistance of trial counsel and an involuntary guilty plea. Specifically, the petition set forth six areas of alleged deficient performance of trial counsel: (1) failure to adequately meet with and communicate with Petitioner; (2) failure to properly investigate Petitioner's case; (3) failure to file proper motions; (4) failure to obtain a mental

evaluation for Petitioner; (5) failure to challenge constitutional issues such as search and seizure and coercion of his confession at the trial level; and (6) failure to ensure that Petitioner's plea was knowing and voluntary. The post-conviction court held a hearing and subsequently denied relief.

## II. Evidentiary Hearing

Petitioner testified on his own behalf at the evidentiary hearing. He testified that he was "emotional, hysterical[, and] crying on the witness stand" when he entered his guilty plea, although the transcript from the sentencing hearing would not reflect that. He further stated that he had been on "psych meds" for the two years prior to the guilty plea hearing.

On cross-examination, Petitioner explained that by "hysterical," he meant that he was "very nervous," and he "didn't want to take the plea." Petitioner stated that he believed his attorney wanted him to take the plea but that he did not want to do so. He did not advise the trial court that he was taking medication, but his attorney was aware of it. Petitioner admitted that the trial court questioned him for a significant time to ensure that Petitioner understood the consequences of the guilty plea. He confirmed that the trial court specifically asked whether he was entering his guilty plea freely, voluntarily, and without any threats or coercion and that he responded, "Yes, sir." Petitioner claimed to have answered affirmatively because he wanted to "hurry up and get it done." Petitioner also acknowledged that during the plea colloquy, the trial court again asked if Petitioner had been forced, threatened, or coerced into accepting the State's offer of twenty years, to which Petitioner answered, "No, sir." He admitted that he never indicated to the trial court that he had changed his mind but stated that he did not do so because trial counsel advised him that he would be "better off" to enter the guilty plea.

Petitioner called trial counsel as his next witness. Trial counsel testified that she advised Petitioner of the consequences of entering a guilty plea. She stated that she probably advised Petitioner that it was in his best interest to plead guilty because he gave a videotaped statement to law enforcement officers from another state in which he made incriminating statements regarding the murder he committed in Tennessee. Trial counsel reviewed Petitioner's recorded statement with him, as well as the videotaped confession of his co-defendant. Trial counsel testified that because of her experience in practicing criminal law for almost eighteen years, she had no hesitation about Petitioner's pleading guilty. She did not recall his being hysterical or crying.

On cross-examination, trial counsel stated that she did not believe that the trial court would have accepted a guilty plea from Petitioner if he had been hysterical. She added that she, the State, and the trial court all had an ethical duty to acknowledge that a plea from

someone who was "just beside themselves would not be a valid plea." She stated that "the fact that [Petitioner] was able to listen and very succinctly answer the questions of the [c]ourt would not indicate that he was hysterical." Trial counsel confirmed that she advised Petitioner that it was in his best interest to plead guilty and that she still thought it was the best avenue for him to have taken, but it was simply her advice, not a directive. She testified that she would always defer to her client's decision on whether to accept a plea or proceed to trial.

## III. Analysis

On appeal, Petitioner challenges the voluntariness of his guilty plea. He couches the issue as a claim of ineffective assistance of trial counsel for failing to ensure that the guilty plea was voluntary.

### A. Ineffective Assistance of Counsel

To obtain relief in a post-conviction proceeding, a petitioner must demonstrate that his or her "conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2012). A post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2012). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010) (quoting *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009)).

Appellate courts do not reassess the trial court's determination of the credibility of witnesses. *Dellinger v. State*, 279 S.W.3d 282, 292 (Tenn. 2009) (citing *R.D.S. v. State*, 245 S.W.3d 356, 362 (Tenn. 2008)). Assessing the credibility of witnesses is a matter entrusted to the trial judge as the trier of fact. *R.D.S*, 245 S.W.3d at 362 (quoting *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996)). The post-conviction court's findings of fact carry the weight of a jury verdict and are conclusive on appeal unless the preponderance of the evidence is otherwise. *Berry v. State*, 366 S.W.3d 160, 169 (Tenn. Crim. App. 2011) (citing *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App.1997)), *perm. app. denied* (Tenn. Feb 16, 2012). However, conclusions of law receive no presumption of correctness on appeal. *Id.* (citing *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001)). As a mixed question of law and fact, this court's review of Petitioner's ineffective assistance of counsel claims is *de novo* with no presumption of correctness. *Felts v. State*, 354 S.W.3d 266, 276 (Tenn. 2011) (citations omitted).

The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, and article I, section 9 of the Tennessee Constitution require that a criminal defendant receive effective assistance of counsel. *Cauthern v. State*, 145 S.W.3d 571, 598 (Tenn. 2004) (citing *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975)). When a petitioner claims that he received ineffective assistance of counsel, he must demonstrate both that his lawyer's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Finch v. State*, 226 S.W.3d 307, 315 (Tenn. 2007) (citations omitted). It follows that if this court holds that either prong is not met, we are not compelled to consider the other prong. *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004).

To prove that counsel's performance was deficient, Petitioner must establish that his attorney's conduct fell below an objective standard of "'reasonableness under prevailing professional norms.'" *Finch*, 226 S.W.3d at 315 (quoting *Vaughn v State*, 202 S.W.3d 106, 116 (Tenn. 2006)). As our supreme court has previously held:

> "[T]he assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance. It is a violation of this standard for defense counsel to deprive a criminal defendant of a substantial defense by his own ineffectiveness or incompetence. . . . Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations."

*Id.* at 315-16 (quoting *Baxter v. Rose*, 523 S.W.2d 934-35 (Tenn. 1975)). On appellate review of trial counsel's performance, this court "must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from the perspective of counsel at that time." *Howell v. State*, 185 S.W.3d 319, 326 (Tenn. 2006) (citing *Strickland*, 466 U.S. at 689).

To prove that Petitioner suffered prejudice as a result of counsel's deficient performance, he "must establish a reasonable probability that but for counsel's errors the result of the proceeding would have been different." *Vaughn*, 202 S.W.3d at 116 (citing *Strickland*, 466 U.S. at 694). "A 'reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). As such, Petitioner must establish that his attorney's deficient performance was of such magnitude that he was deprived of a fair trial and the reliability of the outcome was called into question. *Finch*, 226 S.W.3d at 316 (citing *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999)). Moreover, when a petitioner's claims that ineffective assistance of counsel contributed to his entering a guilty plea that was not voluntary, the Supreme Court has required a petitioner to

demonstrate a reasonable probability that but for counsel's ineffectiveness, he would not have entered the guilty plea and would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Accordingly, in this case, Petitioner must demonstrate that trial counsel's representation was deficient, and that but for counsel's mistakes, he would not have entered the guilty plea. *Veldora L. Trout v. State*, No. W2000-00857-CCA-R3-PC, 2001 WL 359238, at *2 (Tenn. Crim. App. Apr. 9, 2001).

At the guilty plea hearing, the following exchange occurred:

COURT:      Well, I have to be satisfied that you're doing this freely and voluntarily without any threats, coercion, or anything like that before I can accept this guilty plea. Do you understand?

PETITIONER: Yes, sir.

COURT:      And so I'll just ask you, have you been forced, in any way, or threatened, in any way, to – or coerced, in any way, to accept the State's offer of twenty years on this case?

PETITIONER: No, sir.

COURT:      Okay, . . . .

. . . .

COURT:      Is it your desire, sir, to waive those rights and enter this guilty plea today? – is that what you want to do?

PETITIONER: Yes, sir.

COURT:      And again, is anyone forcing you to do this, sir?

PETITIONER: No, sir.

COURT:      Do you have any questions about what's – about this procedure and what's been happening before we continue?

PETITIONER: No, sir.

In its order denying relief, the post-conviction court determined that the transcript of the guilty plea hearing negated Petitioner's claim that he did not understand the nature of his guilty plea because of his emotional state. The court wrote:

> The judge's questions to [p]etitioner were clear and concise. Similarly, [p]etitioner's answers to the judge's questions demonstrated knowledge of his circumstances and his desire to take advantage of a very advantageous plea agreement. Even if [p]etitioner proved that he was emotional during the guilty plea, this fact alone would be insufficient to grant his petition. Any lawyer or judge who works in the criminal justice system knows from experience that many defendants are emotional during a change of plea. Factors such as admitting wrongdoing, facing the reality of a sentence of confinement[,] or realizing the impact of their actions on victims or victims' families are just a few of the reasons a defendant may be emotional. But being emotional, alone, is insufficient to set aside a guilty plea or grant a post[-]conviction relief request. A [p]etitioner must go further and show that his emotional state was so strong that it rendered his change of plea involuntary. This [c]ourt finds that [p]etitioner has again failed to carry his burden.

The record supports the post-conviction court's findings of fact and conclusions of law. In denying relief, the post-conviction court implicitly found that Petitioner's testimony at the evidentiary hearing was not credible. The court heard conflicting testimony from trial counsel and Petitioner on this issue and credited trial counsel, who testified that although she reviewed the evidence against Petitioner with him, informed him of the consequences of pleading guilty versus standing trial, and advised him that it was in his best interest to plead guilty, she did not force Petitioner to plead guilty and did not observe his being overly emotional at the plea submission hearing. "The trial court is the best source to determine the demeanor, credibility of witnesses, and the nuances of the evidentiary hearing." *State v. Taylor*, 968 S.W.2d 900, 905 n.3 (Tenn. Crim. App. 1997). The post-conviction court properly denied relief on this claim, and Petitioner is not entitled to relief.

## B. Voluntariness of Guilty Plea

In his brief to this court, Petitioner's sole argument is as follows:

> [Petitioner] testified that on the day he pled guilty[,] he was not fully informed of the case against him, nor was he in the right frame of mind to enter a plea. He stated that he felt like his lawyer was forcing him to take the plea[ ] and that he answered the judge's questions in the affirmative during the colloquy because he wanted "to hurry up and get it done." He was not familiar with

criminal proceedings, he was not represented by competent counsel[,] [he] did not have the opportunity to confer with counsel about alternatives, and the advice of counsel led him to entry an involuntary guilty plea.

Although it is unclear whether Petitioner intended to challenge the voluntariness of his guilty plea as a freestanding constitutional claim on appeal as well as a claim of ineffective assistance of counsel, we conclude that Petitioner's claim of ineffective assistance of counsel necessarily implicates the voluntariness of his guilty plea. *Jamal Cooper v. State*, No. M2001-00593-CCA-R3-PC, 2001 WL 1246394, at *6 (Tenn. Crim. App. Oct. 17, 2001). Accordingly, we address the voluntariness of Petitioner's guilty plea herein.

A guilty plea must be entered knowingly, voluntarily, and intelligently. *Lane*, 316 S.W.3d at 562 (citations omitted); *see North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969). If a plea is not knowingly, voluntarily, and intelligently entered, the guilty plea is void because appellant has been denied due process. *Lane*, 316 S.W.3d at 562 (citing *Boykin*, 395 U.S. at 243 n.5; *State v. Mellon*, 118 S.W.3d 340, 345 (Tenn. 2003)). To make such a determination, the court must examine "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id*. (quoting *Grindstaff v. State*, 297 S.W.3d 208, 218 (Tenn. 2009). Courts should consider the following factors when ascertaining the validity of a guilty plea: (1) the defendant's relative intelligence; (2) the defendant's familiarity with criminal proceedings; (3) the competency of counsel and the defendant's opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges and the penalty to be imposed; and (5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial. *Id.* (quoting *Howell v. State*, 185 S.W.3d 319, 330-31 (Tenn. 2006)). "[A] plea is not voluntary if it results from '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'" *Id.* at 563 (quoting *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993)). Thus, the transcript of the plea colloquy must affirmatively show that a defendant's decision to plead guilty was both voluntary and knowledgeable. *Id.* (quoting *State v. Mackey*, 553 S.W.2d 337, 340 (Tenn. 1977). The trial court must ensure that the defendant entered a knowing and intelligent plea by thoroughly "'canvass[ing] the matter with the accused to make sure that he has a full understanding of what the plea connotes and of its consequences.'" *Id*. (quoting *Blankenship*, 858 S.W.2d at 904).

To ensure that defendants' guilty pleas are voluntarily, knowingly, and intelligently entered, Rule 11 of the Tennessee Rules of Criminal Procedure sets forth, in pertinent part, the requirements for guilty pleas:

Before accepting a guilty or nolo contendere plea, the court shall address the defendant personally in open court and inform the defendant of, and determine that he or she understands, the following:

(A)     The nature of the charge to which the plea is offered;

(B)     the maximum possible penalty and any mandatory minimum penalty;

(C)     if the defendant is not represented by an attorney, the right to be represented by counsel--and if necessary have the court appoint counsel--at trial and every other stage of the proceeding;

(D)     the right to plead not guilty or, having already so pleaded, to persist in that plea;

(E)     the right to a jury trial;

(F)     the right to confront and cross-examine adverse witnesses;

(G)     the right to be protected from compelled self incrimination;

(H)     if the defendant pleads guilty or nolo contendere, the defendant waives the right to a trial and there will not be a further trial of any kind except as to sentence;

(I)     if the defendant pleads guilty or nolo contendere, the court may ask the defendant questions about the offense to which he or she has pleaded. If the defendant answers these questions under oath, on the record, and in the presence of counsel, the answers may later be used against the defendant in a prosecution for perjury or aggravated perjury; and

(J)     if the defendant pleads guilty or nolo contendere, it may have an effect upon the defendant's immigration or naturalization status, and, if the defendant is represented by counsel, the court shall determine that the defendant has been advised by counsel of the immigration consequences of a plea.

Tenn. R. Crim. P. 11(b)(1).

Rule 11 also requires that the trial court ascertain that the plea is "voluntary and is not the result of force, threats, or promises," other than those contained in the plea agreement. Tenn. R. Crim. P. 11(b)(2). In addition, Rule 11 requires the trial court to inquire "whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the district attorney general and the defendant or the defendant's attorney." *Id.* Finally, the trial court must confirm that there is a factual basis for the plea. Tenn. R. Crim. P. 11(b)(3). Tennessee case law has further refined the requirements of a plea colloquy to include informing a defendant and ensuring that he understands that different or additional punishment may result from his guilty plea due to prior convictions or other factors and that the resulting conviction may be used for enhancement purposes in any subsequent criminal actions. *Lane*, 315 S.W.3d at 564 (citing *Howell*, 185 S.W.3d at 331).

The record supports the post-conviction court's denying relief on this claim for the reasons discussed *supra*. Moreover, Petitioner's testimony at the post-conviction hearing was in direct conflict with his testimony at the guilty plea hearing. "A Petitioner's testimony at a guilty plea hearing 'constitute[s] a formidable barrier' in any subsequent collateral proceeding because '[s]olemn declarations in open court carry a strong presumption of verity.'" *Bruce S. Rishton v. State*, No. E2010-02050-CCA-R3-PC, 2012 WL 1825704, at *17 (Tenn. Crim. App. May 21, 2012) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). In this case, the post-conviction court credited Petitioner's testimony during the guilty plea hearing over his testimony at the post-conviction hearing. In sum,

> [t]he evidence does not preponderate against the findings of the post-conviction court. It appears the petitioner is suffering from a classic case of "Buyer's Remorse," in that he is no longer satisfied with the plea for which he bargained. A plea, once knowingly and voluntarily entered, is not subject to obliteration under such circumstances.

*Robert L. Freeman v. State*, No. M2000-00904-CCA-R3-PC, 2002 WL 970439, at *2 (Tenn. Crim. App. May 10, 2002). Petitioner is not entitled to relief on this issue.

## CONCLUSION

After a thorough review of the record, the parties' briefs, and the applicable case law, we affirm the judgment of the post-conviction court.

_____
ROGER A. PAGE, JUDGE